# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| ROVI GUIDES, INC., ROVI TECHNOLOGIES CORP.; and VEVEO, INC., | Case No.: 2:16-cv-0321-JRG-RSP |
| Plaintiffs, | |
| v. | |
| COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; COMCAST OF HOUSTON, LLC; COMCAST BUSINESS COMMUNICATIONS, LLC; COMCAST HOLDINGS CORPORATION; COMCAST SHARED SERVICES, LLC; ARRIS INTERNATIONAL PLC; ARRIS GROUP INC.; ARRIS TECHNOLOGY, INC.; ARRIS ENTERPRISES LLC; ARRIS SOLUTIONS, INC.; PACE LTD.; PACE AMERICAS HOLDINGS, INC.; PACE AMERICAS INVESTMENTS, LLC; PACE AMERICAS, LLC; TECHNICOLOR SA; TECHNICOLOR USA, INC.; and TECHNICOLOR CONNECTED HOME USA LLC, | |
| Defendants. | |

## COMCAST DEFENDANTS' MOTION TO STAY PURSUANT TO THE COURT'S INHERENT POWER

## TABLE OF CONTENTS

PAGE

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ........................................................................................... 3

I.      The Eastern District of Texas Actions and the ITC Proceeding ......................... 3

II.     Overlap Among the Ellis Remote Recording Patents in the -321 and -322 Actions .......... 3

III.    The Motion to Change Venue and the New York Litigation .............................. 5

ARGUMENT ................................................................................................................... 5

I.      Proceedings as to the '666 Patent in This Action Should Be Stayed Along With the
        -322 Action ..................................................................................................... 5

        A.      Legal Standards ................................................................................... 5

        B.      A Stay Will Not Unduly Prejudice Rovi ............................................. 7

        C.      A Stay Would Simplify the Case ......................................................... 8

        D.      This Action Is in Its Early Stages ...................................................... 11

        E.      Rovi Should Not Be Allowed to Circumvent the Policies Behind the
                Mandatory Stay Provision 28 U.S.C. § 1659(a) ................................ 12

II.     The -321 Action Should Be Stayed in Its Entirety Pending the Outcome of
        Comcast's Motions to Change Venue and for a Preliminary Injunction ......................... 13

CONCLUSION .............................................................................................................. 15

# TABLE OF AUTHORITIES

PAGE

**Cases**

*ACF Indus., Inc. v. Guinn*,
   384 F.2d 15 (5th Cir. 1967) ..................................................................... 14

*Alloc, Inc. v. Unilin Décor N.V.*,
   No. Civ.A. 03-253-GMS, 2003 WL 21640372 (D. Del. July 11, 2003) ......................... 7, 9, 11

*Apple, Inc. v. HTC Corp.*,
   Nos. 10-167-GMS, 10-544-GMS, 11-611-GMS, 2011 U.S. Dist. LEXIS 157340
   (D. Del. Dec. 22, 2011)................................................................................ 9

*Avago Techs. U.S. Inc. v. IPtronics, Inc.*,
   No. 5:10-CV-02863-EJD, 2013 WL 623042 (N.D. Cal. Feb. 15, 2013)................... 8, 9, 10, 13

*B.E. Tech., LLC v. Sony Computer Entm't Am., LLC*,
   Nos. 2:12-cv-02826-JPM-tmp, 2:12-cv-2827-JPM-tmp, 2-12-cv-2828-JPM-tmp,
   2013 WL 524893 (W.D. Tenn. Feb. 11, 2013)......................................................... 14

*Comcast Corp. v. Rovi Corp.*,
   Case No. 16-cv-3852-JPO (S.D.N.Y.) .................................................................. 1, 5

*e-Watch, Inc. v. ACTiCorp.*,
   No. SA-12-CA-695-FB, 2013 WL 6334372 (W.D. Tex. Aug. 9, 2013) ................................ 10

*Flexys Americas, LP v. Kumho Tire, U.S.A., Inc.*,
   No. 5:05-cv-156, 2005 WL 1126750 (N.D. Ohio Apr. 29, 2005) ............................. 6, 7, 11, 12

*FormFactor, Inc. v. Micronics Japan Co.*,
   No. CV-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008)................................ 8, 9

*Graphic Props. Holdings, Inc. v. Toshiba Am. Information, Sys., Inc.*,
   No. 12-213-LPS, 2014 WL 923314 (D. Del. Mar. 5, 2014)................................................. 9, 10

*In re Fusion-IO, Inc.*,
   Misc. No. 139, 2012 WL 6634939 (Fed. Cir. Dec. 21, 2012) ................................................. 13

*In re Horseshoe Entm't*,
   337 F.3d 429 (5th Cir. 2003) ............................................................................ 14

*In re Nintendo Co., Ltd.*,
   544 F. App'x 934 (Fed. Cir. 2013) .................................................................. 14, 15

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936)....................................................................................... 6

*Memsmart Semiconductor Corp. v. AAC Techs. Pte. Ltd.*,
   No. 2:14-CV-1107-JRG, 2015 WL 10936046 (E.D. Tex. July 10, 2015) ................................. 6

*Montauk U.S.A., LLC v. 148 South Emerson Assocs., LLC*,
   No. 1:14-CV-4075-LMM, 2015 WL 10891940 (N.D. Ga. Oct. 19, 2015) ............................ 15

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ................................ 6

*Rmail Ltd. v. Amazon.com, Inc.*,
   No. 2:10-CV-258, 2014 WL 11394910 (E.D. Tex. Jan. 30, 2014) .......................................... 14

*SanDisk Corp. v. Phison Elecs. Corp.*,
   538 F. Supp. 2d 1060 (W.D. Wis. 2008) ......................................................................... passim

**Statutes**

28 U.S.C. § 1659 ............................................................................................................. 6, 11

**Other Authorities**

H.R. Rep. No. 103-826(I) ................................................................................................. 12, 13

THE U.S. INTERNATIONAL TRADE COMMISSION,
   SECTION 337 INVESTIGATIONS: ANSWERS TO FREQUENTLY ASKED QUESTIONS, Pub. No.
   4105 (March 2009) ...................................................................................................... 11

**Rules**

19 CFR 210.51(a)(1) .......................................................................................................... 11

Comcast hereby respectfully moves for a stay of the proceedings in this action concerning U.S. Patent No. 8,755,666 (the "'666 patent") until the lifting of a statutory stay in separate proceedings before this Court concerning closely related patents that are also before the U.S. International Trade Commission (the "ITC" or the "Commission").[1]  Comcast also moves to stay this action in its entirety pending rulings on Comcast's Motion to Change Venue in this Court and Comcast's motion for a preliminary injunction in the Southern District of New York.[2]

## INTRODUCTION

Rovi filed this action and Case No. 2:16-cv-0322 (the "-322 action") in this Court on the same day and then five days later filed a complaint in the ITC.[3]  Pursuant to its operative pleadings, Rovi alleges infringement of eight patents in this action and seven other patents in the -322 action.  Rovi's operative complaint in the ITC action closely tracks its complaint in the -322 action, alleging infringement of those same seven patents.  As described in greater detail below, in all three actions, Rovi accuses the same set of products and (with immaterial variations) the same set of alleged infringers.

---

[1] The Comcast defendants include Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast of Houston, LLC, Comcast Business Communications, LLC, Comcast Holdings Corporation and Comcast Shared Services, LLC (together, "Comcast").  Comcast Corporation, Comcast Holdings Corporation and Comcast Shared Services, LLC are not subject to personal jurisdiction in the Eastern District of Texas and venue in this district is improper as to these entities.  They appear here solely for the purpose of joining this motion to stay.

[2] Comcast maintains that the proper forum for this action is the Southern District of New York and makes this motion to stay without prejudice to any of its arguments as outlined in Comcast's motions to change venue and for preliminary injunction, including that Rovi should be enjoined from continuing to prosecute any of its infringement claims outside of New York. *See* ECF No. 78; *Comcast Corp. v. Rovi Corp.*, Case No. 16-cv-3852-JPO (S.D.N.Y.), ECF No. 25.

[3] ITC No. 337-TA-1001, Dkt No. 3135 (the "ITC action").

As Rovi no doubt understood when it chose to assert the same seven patents in the -322 and ITC actions, Comcast now has a statutory right to secure a stay of the -322 action until the determination of the ITC becomes final.  And as Rovi no doubt anticipated it would, Comcast is presently requesting entry of such a stay in the -322 action.  In *this* motion, Comcast asks the Court to extend the effect of that stay to proceedings in this case regarding one of the eight patents asserted by Rovi, the '666 patent, because of that patent's very close relationship to certain patents asserted in the -322 and ITC actions.  Indeed, two of those patents are the *direct predecessors* to the '666 patent and have *identical specifications and substantially similar claims* as the '666 patent, and a third is in the same family and largely overlapping.  Rovi's presumably tactical election to assert the '666 patent in a separate action from its assertion of the related patents cannot be reconciled with any principle of fair and sound case management.  Those same principles overwhelmingly support entry of the requested stay.  Moreover, for Rovi to proceed in this case with respect to the '666 patent while the -322 case is stayed would serve no purpose other than to subvert Comcast's statutory right to a stay and to strip Comcast of important statutory protections against wasteful and duplicative concurrent litigation in the District Court and before the ITC.

In addition, Rovi's filing of all three actions breached forum selection provisions that require that these actions be litigated in New York.  Comcast has therefore sued Rovi for breach of contract in the Southern District of New York (the "New York litigation"), is seeking a preliminary injunction in that court enjoining Rovi from prosecuting its claims (including its ITC claims) outside of New York, and has separately moved in this Court to transfer this action and the -322 action to New York.  To avoid additional needless waste of party and Court resources and to protect Comcast from further deprivation of its bargained for forum, Comcast requests a

stay of proceedings in this action (other than with respect to the pending transfer motion) until its transfer and preliminary injunction motions have been resolved.

## FACTUAL BACKGROUND

### I.     The Eastern District of Texas Actions and the ITC Proceeding

Rovi filed this case on April 1, 2016, asserting that Comcast and certain of its set-top box ("STB") suppliers infringe eight patents, including the '666 patent.  ECF No. 2.  It filed the -322 action on the same day, asserting six additional patents against the same parties.  No. 2:16-cv-0322, ECF No. 1.  On April 6, 2016, Rovi filed its initial complaint with the ITC, asserting the same patents against Comcast and the STB suppliers as it did in the -322 case.[4]  *See, e.g.*, Declaration of Vesna Cuk ("Cuk Decl.") Ex. 1 at i-iii, ¶ 6, 70-71.  By amended complaints filed April 25th, Rovi added a common seventh patent to the -322 and ITC actions.  No. 2:16-cv-0322, ECF No. 55 at 2, 104-11; Cuk Decl. Ex. 2 at ¶ 7.

Comcast has moved to stay all proceedings in the -322 action pursuant to the mandatory stay provisions of 28 U.S.C. § 1659(a).  No. 2:16-cv-0322, ECF No. 97.[5]

### II.     Overlap Among the Ellis Remote Recording Patents in the -321 and -322 Actions

The '666 patent descends directly from two of the patents asserted in the -322 action and the ITC action:  U.S. Patent No. 8,578,413 (the "'413 patent"), which is the '666 patent's immediate parent, and U.S. Patent No. 8,046,801 (the "'801 patent"), which is the '666 patent's grandparent.  The '666 patent is also related to a third patent in the -322 action and ITC action, U.S. Patent No. 8,006,263 (the "'263 patent"), that also descends from the '801 patent.  All four

---

[4] Comcast of Houston, LLC is not a respondent in the ITC.  Rovi Corporation is a complainant in the ITC action but is not a named plaintiff in the Texas actions.  ECF No. 68; No. 2:16-cv-0322, ECF No. 55; Cuk Decl. Ex. 2 at i-ii.

[5] Rovi has stated that it does not oppose Comcast's motion to stay the -322 action.

patents (the "Ellis patents") share the same inventors, are entitled "Interactive Television Program Guide With Remote Access," and relate to the same basic functionality—selecting a television program for recording from a mobile device.  *See* Cuk Decl. Ex. 3 at p. 1, 41:40-42:48; *id.* Ex. 4 at p. 1, 40:6-47; *id.* Ex. 5 at p. 1, 46:3-22; *id.* Ex. 6 at p. 1, 31:1-31.[6]

The specification of the '666 patent is identical to that of the '413 and '801 patents.  Cuk Decl. Ex. 3 at figs. 1-43 & cols. 1-40; *id.* Ex. 4 at figs. 1-43 & cols 1-40; *id.* Ex. 5 at figs 1-43 & cols. 1-40.  Large portions of the '263 specification are also the same, but that patent is missing figures 27-43 of the other patents and additional disclosure related to those figures.  *See generally* Cuk Decl. Ex. 6 at figs 1-26 & cols. 1-28; *id.* Ex. 3 at figs. 27-43 & cols. 31-38.  All four patents claim priority to the same provisional applications (Application Nos. 60/097,527 and 60/093,292) and the same initial application (Application No. 09/354,344).  Cuk Decl. Ex. 3 at p. 1; *id.* Ex. 4 at p. 1; *id.* Ex. 5 at p. 1; *id.* Ex. 6 at p. 1.  As a result, the prosecution history of each of the four Ellis patents is relevant to the other three.  *See SanDisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1064, 1066 (W.D. Wis. 2008).

Rovi names essentially the same group of entities as defendants in the -321 and -322 actions and respondents in the ITC action[7] and it accuses the same Comcast services of infringing each of the Ellis patents.  In fact, Rovi's allegations related to the '666 patent in its Amended Complaint in this action are essentially the same as its allegations concerning the three Ellis patents in the -322 action.  *See generally* ECF No. 68, ¶¶ 172-221; No. 2:16-cv-0322, ECF

---

[6] Other patents asserted in the -322 action also name Mr. Ellis as an inventor, but they are not in the same family as the '666 patent.

[7] Like Comcast of Houston, LLC, defendants Pace Americas Holdings, Inc. and Pace Americas Investments, LLC are named in the district court actions but are not named as respondents in the ITC Amended Complaint.  Cuk Decl. Ex. 2 at i-ii.

No. 55, ¶¶ 124-70, 177-95, 202-222.  In both district court cases and in the ITC, Rovi's

accusations with respect to the Ellis patents concern the same Comcast STBs (the "Accused

DVR products") and associated Interactive Program Guide ("IPG") software.  *See* ECF No. 68,

¶¶ 40-41, 205; No. 2:16-cv-0322, ECF No. 55, ¶¶ 38-39, 154, 179, 206; Cuk Decl. Ex. 2 ¶¶ 117-

18, 123, 129-30, 135, 141-42, 147.  And Rovi more specifically identifies functionality that

enables a user to schedule a DVR recording remotely with Comcast's Xfinity TV Remote App as

infringing all four Ellis patents.  *See* ECF No. 68, ¶ 205; No. 2:16-cv-0322, ECF No. 55, ¶¶ 154,

179, 206; Cuk Decl. Ex.  2 ¶¶ 123, 135, 147.

## III.    The Motion to Change Venue and the New York Litigation

On May 27, 2016, Comcast filed motions to transfer the -321 and -322 actions to the

United States District Court for the Southern District of New York pursuant to mandatory forum

selection provisions in agreements with Comcast that require Rovi to pursue its actions in that

forum.  *See* ECF No. 78; No. 2:16-cv-0322, ECF No. 67.

In addition, Comcast has sued Rovi in the Southern District of New York for breach of

those provisions and is seeking an injunction to bar Rovi from continuing to prosecute its claims

(including its ITC claims) outside of New York.  *See Comcast Corp. v. Rovi Guides Inc.*, No. 16-

cv-03852-JPO (S.D.N.Y.).  A hearing on Comcast's preliminary injunction motion has been set

for July 12, 2016.  *See* Cuk Decl. Ex. 7.

<u>**ARGUMENT**</u>

## I.    Proceedings as to the '666 Patent in This Action Should Be Stayed Along With the -322 Action

### A.    Legal Standards

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Accordingly, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).  In deciding whether to stay litigation, courts typically consider:  "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *See Memsmart Semiconductor Corp. v. AAC Techs. Pte. Ltd.*, No. 2:14-CV-1107-JRG, 2015 WL 10936046, at *1 (E.D. Tex. July 10, 2015) (Gilstrap, J.) (citation omitted).  "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on those factors." *Id.* (citation omitted).

A respondent to an ITC proceeding has a statutory right to stay "proceedings in [a] civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission."  28 U.S.C. § 1659(a).  Courts have used their inherent power to stay cases concerning patents that are related to patents in a parallel proceeding before the ITC, but that are not themselves at issue in the ITC. *See, e.g.*, *SanDisk*, 538 F. Supp. 2d at 1066-68 (staying case involving two patents that were related to one of the patents before the ITC); *Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, No. 5:05-cv-156, 2005 WL 1126750, at *2-4 (N.D. Ohio Apr. 29, 2005) (staying case as to patent related to two patents at issue in ITC proceeding).

For example, in *SanDisk*, the plaintiff filed two actions in the district court, the first asserting patents that were also before the Commission and the second asserting two related patents. *SanDisk*, 538 F. Supp. 2d at 1063-64.  In granting a discretionary stay in the second case, the court held that the two cases would "likely . . . overlap substantially in discovery and

factual and legal disputes," and that to allow the second case to proceed while the first case was stayed would "impose a burden on the court and on defendants." *Id.* at 1066. Moreover, waiting for the Commission to complete its proceedings could help simplify the issues in the case. *Id.* at 1067.

Similarly, in *Flexsys*, three of four related patents were asserted in a parallel ITC proceeding and subject to the mandatory stay. *Flexsys*, 2005 WL 1126750, at *1-2. In granting a discretionary stay as to the fourth patent, the court noted that, by nature, "continuation patents overlap considerably with each other" with respect to disclosures and inventorship, and that the court would "benefit tremendously from a narrowing of the complex issues in th[e] case" by the ITC, including on issues of claim construction, invalidity, and relevant prior art. *Id.* at *3; *see also Alloc, Inc. v. Unilin Décor N.V.*, No. Civ.A. 03-253-GMS, 2003 WL 21640372, at *2-3 (D. Del. July 11, 2003) (staying case because patent-in-suit was a continuation of patent asserted in the ITC and thus claimed a similar invention and shared inventorship).

The same considerations weigh heavily in favor of a stay of proceedings as to the '666 patent in this case.

### B.    A Stay Will Not Unduly Prejudice Rovi

A stay of proceedings as to the '666 patent will not unduly prejudice or present a clear tactical disadvantage to Rovi. Courts have repeatedly recognized that plaintiffs asserting related patents against the same products in both the district court and the ITC have chosen to do so for strategic purposes and they have rejected arguments that a stay would work some harm on those plaintiffs. *See, e.g.*, *Flexsys*, 2005 WL 1126750, at *3 ("It is entirely unclear to this Court why plaintiff would opt to pursue only two of the three continuation patents before the ITC, other than in an attempt to avoid the mandatory stay requirements of 28 U.S.C. § 1659(a).");
*FormFactor, Inc. v. Micronics Japan Co.*, No. CV-06-07159 JSW, 2008 WL 361128, at *2 (N.D.

Cal. Feb. 11, 2008); *see also Avago Techs. U.S. Inc. v. IPtronics, Inc.*, No. 5:10-CV-02863-EJD, 2013 WL 623042, at *2-3 (N.D. Cal. Feb. 15, 2013) (delay in proceedings concerning related patents would not constitute harm because plaintiffs chose to file ITC action late in the litigation).

While staying proceedings as to the '666 patent may delay any injunctive relief as to that patent, that is a problem of Rovi's own making.  It was Rovi that made the strategic choice not to include the '666 patent in the ITC action where similar remedies are available.[8]  *See FormFactor*, 2008 WL 361128, at *2 (noting that it was plaintiff's "own decision" not to include related patents in its ITC complaint).  Moreover, any argument that Rovi would be unduly prejudiced by a delay in recovering money damages should be rejected because any damages can be recovered at the conclusion of the stayed proceedings.  *See, e.g.*, *id.*; *SanDisk*, 538 F. Supp. 2d at 1067 (rejecting argument that delay in obtaining money damages will prejudice plaintiff because having to wait for damages "is always the case when a stay is imposed").

### C.     A Stay Would Simplify the Case

For numerous reasons, a stay will simplify the issues and trial related to the '666 patent, saving significant resources and reducing the burden of duplicative litigation in the -321 and -322 actions.

There is substantial (if not complete) overlap between the proceedings related to the '666 patent in this action and the proceedings related to the other three Ellis patents in the -322 action. The patents all have the same inventors and the '666 patent shares the same 75 page specification as two of the Ellis patents in the -322 action.  The asserted claims all relate to the same functionality—selecting a television program for recording from a mobile device—and Rovi

---

[8] Moreover, it is highly unlikely Rovi would be awarded any injunctive relief by this Court given Rovi's extensive licensing of its patents and its express willingness to license its patents to Comcast.  *See* ECF No. 68, ¶¶ 66-68, 70-72, 76.

accuses the same products in both actions.  In fact, the infringement allegations are substantially

the same in both the -321 and -322 actions.  *See generally* ECF No. 68, ¶¶ 172-221; No. 2:16-cv-

0322, ECF No. 55, ¶¶ 124-70, 177-95, 202-222.  As a result, the litigation of the '666 patent in

this action and the Ellis patents in the -322 action will involve many of the same issues of claim

construction, validity, infringement, and inventorship.[9]  Courts have granted discretionary stays

in similar situations, including where patents shared far less in common than those here.  *See,*

*e.g.*, *Graphic Props. Holdings, Inc. v. Toshiba Am. Information, Sys., Inc.*, No. 12-213-LPS,

2014 WL 923314, at *2 (D. Del. Mar. 5, 2014) (granting stay where "general theory of

infringement" was common); *Avago*, 2013 WL 623042, at *2 (claims were "at least somewhat

related"); *FormFactor*, 2008 WL 361128, at *2 (patents were asserted against "similar

technology and products"); *Alloc*, 2003 WL 21640372, at *2; *Apple, Inc. v. HTC Corp.*, Nos. 10-

167-GMS, 10-544-GMS, 11-611-GMS, 2011 U.S. Dist. LEXIS 157340, at *9-14 (D. Del. Dec.

22, 2011) (patents covered similar subject matter but did not arise from same patent families).

Allowing the -321 action to proceed as to the '666 patent while the -322 action is stayed

will result in duplicative discovery and trials, and would "impose a burden on the court and on

defendants."  *SanDisk*, 538 F. Supp. 2d at 1066.  For example, the inventors of the Ellis patents,

as well as infringement and validity experts, may need to be deposed twice—first, in the -321

action with respect to the '666 patent, and then again after the stay of the -322 action is lifted—in

addition to any depositions conducted as part of the ITC proceeding.  *See, e.g.*, *FormFactor*,

2008 WL 361128, at *2 (citing multiple depositions of the same witnesses as basis for granting

stay); *e-Watch, Inc. v. ACTiCorp.*, No. SA-12-CA-695-FB, 2013 WL 6334372, at *9 (W.D. Tex.

---

[9] In addition, the patents are commonly owned, which raises common licensing issues.
*See Avago*, 2013 WL 623042, at *2.

Aug. 9, 2013), *report and recommendation accepted*, ECF No. 43 (W.D. Tex. Aug. 26, 2013)

(citing duplicative discovery and two trials as basis for granting stay pending *Inter Partes*

Review proceedings on related patents).  Moreover, the overlapping issues of claim construction,

infringement and invalidity would have to be litigated twice in this Court, including through two

rounds of expert reports, dispositive motions, and trials.  *See SanDisk Corp.*, 538 F. Supp. 2d at

1066; *Avago*, 2013 WL 623042, at *3.  The Court thus would have to address issues regarding

the '666 patent in the -321 action "only to be faced with many of these same issues after the stay

[in the -322 action] is lifted."  *Graphic Props.*, 2014 WL 923314, at *2 (stay will result in

"tremendous savings of judicial time and resources").

        Additionally, proceeding to trial on the '666 patent while the Ellis patents in the -322

action are stayed creates a risk of double recovery on damages.  Because the patents are closely

related, cover essentially the same functionality, and are asserted against the same products, any

damages a jury would award for the '666 patent would likely overlap with any damages awarded

for the other Ellis patents in a second case.  It would be very difficult for two separate juries to

appropriately discount the damages attributable to the related patent(s) in the other case,

especially without re-litigating the -321 action in the -322 action.[10]

        Finally, in the event that the ITC action were to proceed notwithstanding Comcast's

pending motion for a preliminary injunction, it may simplify issues for the Court.  The ITC will

make rulings concerning claim construction, invalidity, and infringement regarding the Ellis

patents in the -322 action.  Because the '666 patent shares the same inventors and specification,

as well as similar claims, the Court could "benefit tremendously from a narrowing of the

---

[10] For this reason, upon the lifting of the stay, consolidation of the '666 patent
proceedings with the -322 action would be appropriate pursuant to Fed. R. Civ. P. 42(a).

complex issues" regarding that patent.  *Flexsys*, 2005 WL 1126750, at *3; *see also Alloc*, 2003 WL 21640372, at *2 (narrowing complex issues related to claims "would streamline discovery and subsequent litigation").  While decisions reached by the ITC do not have preclusive effect in this Court, the record developed before the Commission may be used to "expedite proceedings and provide useful information to the court."  *SanDisk*, 538 F. Supp. 2d at 1067 (citations omitted); *see also* 28 U.S.C. § 1659(b) ("after dissolution of a stay under subsection (a), the record of the proceeding before the United States International Trade Commission shall be transmitted to the district court and shall be admissible in the civil action").

###### D.    This Action Is in Its Early Stages

The -321 action is at the earliest of stages—Rovi's Amended Complaint was filed in late April, Comcast responded to that complaint on June 3, discovery has not begun, and a trial date has not been set.  Moreover, staying the proceedings as to the '666 patent will not interfere with the progress of the case as to the other seven patents that Rovi asserts.  And because ITC actions last on average approximately 15 months,[11] any stay as to the '666 patent would not be "immoderate" or of "indefinite" duration, and it would not interfere with the Court's duty to exercise timely jurisdiction over its cases.  *See SanDisk*, 538 F. Supp. 2d at 1065-68 (citing *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)).

---

[11] *See* 19 C.F.R. § 210.51(a)(1) (extension of target date beyond 16 months requires initial determination by administrative law judge); THE U.S. INTERNATIONAL TRADE COMMISSION, SECTION 337 INVESTIGATIONS: ANSWERS TO FREQUENTLY ASKED QUESTIONS, Pub. No. 4105 (March 2009) at 20-21, 23, *available at* https://www.usitc.gov/intellectual_property/documents/337_faqs.pdf.

**E.    Rovi Should Not Be Allowed to Circumvent the Policies Behind the Mandatory Stay Provision 28 U.S.C. § 1659(a)**

Congress passed the mandatory stay provision of 28 U.S.C. § 1659 to "minimize duplication of proceedings between the ITC and Federal district courts," H.R. Rep. No. 103-826(I) at 6, and to address the unfairness of requiring importers and producers to "defend claims in both the Commission and in district court, possibly at the same time, whereas infringement claims against domestic goods can be heard only in district court," *SanDisk*, 538 F. Supp. 2d at 1065 (quoting H.R. Rep. No. 103-826(I), at 140, *as reprinted in* 1994 U.S.C.C.A.N. 3773, at 3912).  Thus, the purpose of the statutory stay is to prevent wasteful and duplicative litigation and in particular to protect *defendants* from the burden of litigating the same issues in two different judicial systems at the same time.

As discussed above, there is no reason why Rovi would have split its assertion of continuation patents as it has "other than in an attempt to avoid the mandatory stay requirements of 28 U.S.C. § 1659(a)."  *Flexsys*, 2005 WL 1126750, at *3.  Because the '666 patent is a direct descendent of two of the patents at issue before the Commission, shares identical specification with those patents, and is asserted against the same entities and products, litigation of its claims in the ITC will involve substantially the same issues of claim construction, validity, infringement, and inventorship.  *See infra* pp. 8-10.  Rovi itself recognizes, and in fact relies on, the considerable overlap in its claims involving the Ellis patents.  Not only are Rovi's infringement allegations essentially the same for all of those patents, but Rovi alleges willful infringement on the basis that it provided presentations and claim charts to Comcast concerning "patents in the same family" as the '666 patent, not the '666 patent itself.  ECF No. 68, ¶ 207.

Rovi should not be permitted to circumvent congressional intent and subvert Comcast's statutory rights simply by splitting its claims for tactical reasons.  Without a stay, Comcast will

be forced to engage in duplicative discovery and motion practice and defend itself both in this Court and the ITC simultaneously on many of the same issues, *see infra* pp. 9-10, which is precisely what Congress sought to avoid by enacting 28 U.S.C. § 1659(a). *See Avago*, 2013 WL 623042, at *3 (finding the aggressive pace and demands of an ITC proceeding in concurrence with a district court proceeding to constitute a hardship for defendants). For these reasons, "Congress explicitly intended that district courts should consider using their discretionary power to stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC." *Id.* at *2 (citations omitted); *see also* H.R. Rep. No. 103-826(I), at 141, *as reprinted in* 1994 U.S.C.C.A.N. at 3913. Comcast respectfully submits that there could be no stronger case for entry of such a discretionary stay than the one presented here as to the '666 patent.

## II.    The -321 Action Should Be Stayed in Its Entirety Pending the Outcome of Comcast's Motions to Change Venue and for a Preliminary Injunction

As explained in Comcast's Motion to Change Venue, Rovi's filing of its actions in this Court and the ITC breached two different forum selection provisions in its agreements with Comcast. ECF No. 78. Those provisions require that these actions be litigated in New York, and so Comcast has moved this Court to transfer this action (and the -322 action) to the Southern District of New York and has moved that court for a preliminary injunction prohibiting Rovi from continuing to prosecute its claims elsewhere (including before the ITC). This action should be stayed in its entirety pending the resolution of those motions.

Courts have recognized the importance and judicial economy of staying proceedings while there is a pending motion to transfer to another district. For example, in *In re Fusion-IO, Inc.*, the Federal Circuit suggested that the litigants file a motion to stay with the expectation that the district court would decide a pending motion to transfer "before proceeding to any motion on the merits of the action." 489 F. App'x 465, at 465-66 (Fed. Cir. 2012); *see also In re Horseshoe*

13

*Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("As indicated earlier, Horseshoe filed its motion to transfer timely and before it filed its answer and in our view disposition of that motion should have taken a top priority in the handling of this case."); *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) ("[A] trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case.")  Similarly, for reasons of judicial economy and comity, the court in *B.E. Technology, LLC v. Sony Computer Entertainment America, LLC* stayed patent infringement actions, including the Local Patent Rule disclosures and fact discovery, while it decided pending motions to change venue.  Nos. 2:12-cv-2826, -2827, -2828-JPM-tmp, 2013 WL 524893, at *1 (W.D. Tenn. Feb. 11, 2013).

These considerations also warrant a stay pending Comcast's preliminary injunction motion in New York because "[a] stay pending the outcome of litigation between the same parties involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery."  *ACF Indus., Inc. v. Guinn*, 384 F.2d 15, 19 (5th Cir. 1967); *see also Rmail Ltd. v. Amazon.com, Inc.*, No. 2:10-CV-258, 2014 WL 11394910, at *5-6 (E.D. Tex. Jan. 30, 2014) (noting courts' inherent power to issue stays, including for judicial economy).

Comcast's requested stay would be relatively brief, lasting only until this Court and the New York court make determinations regarding the change of venue motion and the preliminary injunction motion, respectively.  Comcast's transfer motion will be fully briefed by July 1 and its motion for preliminary injunction has been scheduled for hearing on July 12.  *See* Cuk Decl. Ex. 6.  Rovi would not suffer undue prejudice as a result of such a brief stay, which would simply delay the onset of discovery.  On the other hand, Comcast is likely to suffer significant hardship if a stay is denied and Comcast is forced to litigate outside of its bargained for forum before this Court or the New York court determines that this action belongs in New York.  *See Montauk*

*U.S.A., LLC v. 148 South Emerson Assocs., LLC*, No. 1:14-CV-4075-LMM, 2015 WL 10891940, at *4-5 (N.D. Ga. Oct. 19, 2015) (staying all actions while other district court evaluated the validity of license agreement including forum selection clause for trademark case).  Further, a stay will save judicial time and resources that would otherwise be expended on both procedural and merits issues in the action, which would be wasted if the action is then transferred to another court.  *See In re Nintendo Co., Ltd.*, 544 F. App'x at 941 ("Judicial economy requires that a district court should not burden itself with the merits of the action until it is decided whether a transfer should be effected.") (citation and internal alterations omitted).

## CONCLUSION

For the foregoing reasons, Comcast respectfully requests that the Court stay (1) proceedings concerning the '666 patent until the lifting of the statutory stay in the -322 action, and (2) all proceedings in this action except those concerning Comcast's motion to change venue pending rulings on that motion and on Comcast's motion for a preliminary injunction in the New York action.

Date:  June 9, 2016

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

*/s/ Vesna Cuk*

Vesna Cuk (*pro hac vice*)

Matthew B. Lehr (*pro hac vice*)
Anthony I. Fenwick (*pro hac vice*)
David J. Lisson (*pro hac vice*)
Gareth E. DeWalt (*pro hac vice*)
Micah G. Block (*pro hac vice*)
Vesna Cuk (*pro hac vice*)
1600 El Camino Real
Menlo Park, CA 94025
Tel:     (650) 752-2000
Fax:     (650) 752-2111
matthew.lehr@davispolk.com
anthony.fenwick@davispolk.com
david.lisson@davispolk.com
micah.block@davispolk.com
gareth.dewalt@davispolk.com
vesna.cuk@davispolk.com


THE DACUS FIRM
Deron Dacus
Texas State Bar No. 790553
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel:     (903) 705-1117
Fax:     (903) 581-2543
ddacus@dacusfirm.com


*Counsel for Comcast Defendants*

16

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3), on June 9, 2016.

*/s/ Vesna Cuk*
Vesna Cuk


**<u>CERTIFICATE OF CONFERENCE</u>**

The undersigned hereby certifies that counsel for Defendants has complied with the meet and confer requirement in Local Rule CV-7(h).  This motion is opposed.  The personal conference required by Local Rule CV-7(h) was conducted on June 9, 2016 via telephone between Anthony Fenwick of Davis Polk & Wardwell LLP and Joshua Budwin of McKool Smith, P.C. and Andrew Radsch of Ropes & Gray LLP.  No agreement could be reached and discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Vesna Cuk*
Vesna Cuk