# McKool Smith

Joshua W. Budwin
Direct Dial: (512) 692-8727
jbudwin@mckoolsmith.com

300 W. 6th Street
Suite 1700
Austin, TX 78701

Telephone: (512) 692-8700
Facsimile: (512) 692-8744

August 31, 2017

**VIA ECF**

The Honorable J. Paul Oetken
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> RE:   *Rovi Guides, Inc. et al. v. Comcast et al.*, Civil Action No. 1:16-cv-09278-JPO (SDNY) – Rovi's Motion to Strike Comcast's Newly Proposed Theories Under § 101.

Dear Judge Oetken:

Pursuant to Your Honor's Individual Practice 4(B), Rovi seeks an order from the Court striking Comcast's disclosure of invalidity contentions under 35 U.S.C. § 101 as untimely and for failure to comply with Local Patent Rule 7. The parties conferred on August 29, 2017 and remain at an impasse as to this issue.

## BACKGROUND

Comcast served its original Invalidity Contentions on August 11, 2016 while the case was in the Eastern District of Texas. Following the transfer of the case to this Court on December 1, 2016, and in compliance with the Local Patent Rules of this district, Comcast first supplemented its Invalidity Contentions on May 9, 2017 by agreement of the parties and with the Court's permission. Dkt. 284 (endorsed letter from Comcast requesting permission to supplement its invalidity contentions in accordance with the Local Patent Rules of this district). Comcast again supplemented its Invalidity Contentions in compliance with the Local Patent Rules of this district on June 30, 2017. Ex. A, 2017 06 30 Campbell Email to Bovenkamp. While Comcast was supposed to file a letter with the Court seeking the Court's permission for this second supplementation, it does not appear that any such letter was filed. *See id*. Rovi did not oppose either of Comcast's prior two post-transfer supplementations to its Invalidity Contentions. Nonetheless, and despite twice supplementing its Invalidity Contentions in compliance with the Local Patent Rules of this district following transfer, neither of Comcast's prior supplementations included any statement of any alleged basis for failure to claim patentable subject matter pursuant to 35 U.S.C. § 101 as required by Local Patent Rule 7.

On August 17, 2017 at 11:58 PM (EST)—over one year after the service of its original Invalidity Contentions, more than seven months after this case was transferred to this district, two minutes before the start of the last day of fact discovery, well after the service of its first and second supplemental Invalidity Contentions, and roughly a week before the service of opening

August 31, 2017
Page 2

expert reports (August 25, 2017)—Comcast proposed supplementing its Invalidity Contentions for the third time. *See* Ex. B, 2017 08 18 Campbell Email to Lee Regarding Comcast's Third Amended Invalidity Contentions. Comcast's proposed third supplemental Invalidity Contentions included the following proposed supplementations:

> (1) additional prior art references asserted against the '218, '034, and '696 patents that allegedly anticipate or render obvious the asserted claims under §§ 102 and 103;
>
> (2) new legal theories of failure to claim patentable subject matter against all of the patents-in-suit under § 101, asserting ***for the first time*** that each of the patents-in-suit are directed to patent ineligible subject matter and lack an inventive concept ("Newly Proposed § 101 Theories"); and
>
> (3) additional legal theories of invalidity against the '595 and '864 patents under § 112, arguing that the patent does not describe the claimed invention in sufficient detail that one skilled in the art can reasonably conclude that the inventor had possession of the claimed invention.

*See* Ex. C, Excerpts of Defs.' Proposed Invalidity Contentions. Rovi does not oppose Comcast's proposed supplementation with respect to items (1) and (3) which—like Comcast's prior two post-transfer supplemental invalidity contentions—Rovi believes are permissible under Local Patent Rule 9. *See* Ex. D, 2017 08 21 Budwin Ltr to Campbell.[1] Rovi however does oppose, and requests that the Court strike, Comcast's proposed "supplementation" with respect to item (2) as untimely and for failing to comply with the requirements of Local Patent Rule 7.

## APPLICABLE LEGAL FRAMEWORK

Pursuant to Local Patent Rule 7, "Invalidity Contentions must identify each item of prior art that the party contends allegedly anticipates or renders obvious each asserted claim, and any other grounds of invalidity, ***including any under 35 U.S.C. § 101*** or § 112, or unenforceability of any of the asserted claims." Local Patent Rule 7 (emphasis added). "The duty to supplement in Fed. R. Civ. P. 26(e) shall apply to the Infringement Contentions and the Invalidity Contentions required by Local Patent Rules 6 and 7." Local Patent Rule 9.

The Federal Circuit has stated that patent rules, such as the Local Patent Rules applicable here, are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006). Hence, parties must "proceed with diligence in amending those contentions when new information comes to light in the course of

---

[1] Rovi believes that Comcast's newly proposed §§ 102/103 and 112 contentions are permissible to the extent they add new facts to legal theories that were previously disclosed and do so in response to intervening events in the case such as the issuance of the Court's Claim Construction Order. *See* Ex. E, August 24, 2017 Campbell Ltr Budwin (Comcast agreeing that supplementations "triggered by a recent order [the Court's Claim Construction Order"] and Rovi's recent amended contentions" are allowable); *see also* Dkt. 284 (Comcast also asserting that supplementation of previously served contentions is permissible "as discovery progresses when additional facts come to light . . .").

discovery." *Id.* at 1366. The burden is on the party seeking amendment—in this case Comcast—to establish diligence. *Id.*

## COMCAST'S NEWLY PROPOSED THEORIES UNDER § 101 SHOULD BE STRICKEN AS UNTIMELY

Regarding Comcast's Newly Proposed § 101 Theories, there can be no doubt that Comcast's disclosure is untimely. Alleged failure to claim patentable subject matter under § 101 is a pure legal question—it is not based on any after-arising fact discovered during the course of discovery. *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1373 (Fed. Cir. 2016) ("Patent eligibility under 35 U.S.C. § 101 is a question of law that we review de novo."). In light of the legal nature of the § 101 inquiry, all information needed to set forth theories under § 101 have been known to Comcast since the outset of this case, and no intervening events in the pendency of the case can be shown to justify Comcast's failure to timely comply with Local Patent Rule 7 at any point prior to the service of its Newly Proposed § 101 Theories at 11:58 PM (EST) on August 17, 2017.

Despite the untimely disclosure of its Newly Proposed § 101 Theories, Comcast contends that it "put Rovi on notice of its contention that the asserted patents were invalid as unpatentable subject matter in its contentions" when it served its original Invalidity Contentions on August 11, 2016 (prior to transfer from the Eastern District of Texas to the Southern District of New York). Ex. E, August 24, 2017 Campbell Ltr Budwin. As to § 101, Comcast's August 11, 2016 Invalidity Contentions included only the following in a footnote:

> Bases for contentions of invalidity not called for under P.R. 3-3 (i.e. not specified under 35 U.S.C. §§ 102, 103, 112(1) or 112(2)) including, but not limited to, Defendants' contentions that the asserted claims of the Asserted Patents are invalid as unpatentable subject matter pursuant to 35 U.S.C. § 101, are not addressed herein and are expressly reserved.

Ex. E at 1 (quoting Comcast's August 11, 2016 Invalidity Contentions at 3 n.3). Setting aside the propriety of including substantive legal theories in footnotes, the language above itself shows that "Defendants' contentions . . . pursuant to 35 U.S.C. § 101, are not addressed herein and are expressly reserved." *Id*. While purportedly "reserving" its § 101 theories pursuant to the then-operative rules of the Eastern District of Texas, and following transfer to this district, Comcast did not assert any contentions under § 101 during the pendency of this case as it was required to do under the now-operative Local Patent Rules of this district.

While Comcast's initial failure to set forth theories of alleged failure to claim patentable subject matter pursuant to 35 U.S.C. § 101 may be excused by the prior pendency of this case in the Eastern District of Texas, **nothing** excuses Comcast's failure to set forth theories pursuant to 35 U.S.C. § 101 as required by Local Patent Rule 7 in the more than eight months this case has been pending in this district or as part of either of Comcast's two prior supplementations of its Invalidity Contentions following transfer to this district. As Comcast itself acknowledged in both of its prior post-transfer supplementations of its Invalidity Contentions, following transfer this

August 31, 2017
Page 4

Court's rules became operative and the parties were bound to follow this Court's rules.[2] Neither of Comcast's two post-transfer supplemental Invalidity Contentions included any theories under § 101, which Local Patent Rule 7 plainly requires.

Under similar circumstances, courts have stricken such belated disclosures as untimely, and this Court should do the same here by striking Comcast's Newly Proposed § 101 Theories. *See Roche Diagnostics GmbH v. Enzo Biochem, Inc.*, 2013 U.S. Dist. LEXIS 194764, *10 (S.D.N.Y. Nov. 11, 2013) (striking as untimely, inter alia, "more than a half dozen new invalidity theories under 35 U.S.C. § 112"); *see also Radware, Ltd. v. F5 Networks, Inc.*, 147 F. Supp. 3d 974, 981–82 (N.D. Cal. 2015) ("Under Patent L.R. 3-3(d), a party's invalidity contentions must disclose '[a]ny grounds of invalidity based on 35 U.S.C. § 101 . . . of any of the asserted claims.' 'Any invalidity theories not disclosed pursuant to Local Rule 3-3 are barred, accordingly, from presentation at trial (whether through expert opinion testimony or otherwise).'") (citation omitted); *Finjan, Inc. v. Proofpoint, Inc.*, 2015 WL 9460295, at *3 (N.D. Cal. Dec. 23, 2015) ("The efficacy of the Patent Local Rule 3-3(d) —requiring invalidity contentions to identify '[a]ny grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims'—would be a nullity if parties could address it with a broad reservation. Such a general disclaimer would be contrary to the local rule's requirement that parties crystallize their theories early in the litigation.").

Comcast has yet to articulate good cause—or any basis at all—for its failure to timely comply with Local Patent Rule 7. Here, and because the alleged failure to claim patentable subject matter pursuant to § 101 is a pure legal issue, Comcast had all of the information it needed to raise issues concerning § 101 earlier in this case. Nothing in either Local Rule 9 or Rule 26(e) excuses Comcast's failure to timely comply with Local Patent Rule 7 as the Rules cannot be used as a justification for belated assertions of legal theories, such as Comcast's Newly Proposed Theories under § 101. *See Hewlett Packard Co. v. Factory Mut. Ins. Co.*, 2006 WL 1788946, at *14 (S.D.N.Y. June 28, 2006) ("[T]he rule requiring supplementation cannot be used as a justification for the belated assertion of new damages theories that could have been raised

---

[2] While the case was initially filed in the Eastern District of Texas, once it was transferred to the Southern District of New York, this district's patent local rules governed. *See PersonalWeb Techs. LLC v. Int'l Bus. Machines Corp.*, 2017 WL 2180980, at *15 (N.D. Cal. May 18, 2017) ("Once this case was transferred, this district's patent local rules governed the case moving forward."); *see also Orenshteyn v. Int'l Bus. Machines Corp.*, 2013 WL 174183, at *11 (S.D.N.Y. Jan. 15, 2013) ("[B]ecause the litigation was removed to the Northern District of California, [that district's] local patent rules governing infringement contentions were in effect."); *Life Techs., Corp. v. Biosearch Techs., Inc.*, 2012 WL 1831595, at *2 (N.D. Cal. May 18, 2012) ("First, and most importantly, plaintiffs have been transferred to a new venue and forum which requires more from plaintiffs' infringement contentions than the Eastern District of Texas. In attempt to comply with this district's local rules, plaintiffs reviewed material obtained through discovery. Prior to transfer, plaintiffs had no reason to seek amendment. Plaintiffs sought leave to amend within one month of being transferred to this district."); *Realtime Data, LLC v. Morgan Stanley*, 2012 WL 3158196, at *3 (S.D.N.Y. Aug. 2, 2012) (applying the Local Patent Rules of the Southern District of New York after the transfer of a case from the Eastern District of Texas), *aff'd*, 554 F. App'x 923, 937 (Fed. Cir. 2014) (upholding the district court's "applying its local rules").

August 31, 2017
Page 5

earlier. . . ."); see also *Oceans Cuisine, Ltd. v. Fishery Prods. Int'l, Inc.*, 2006 WL 1071578, at *5 (E.D.N.Y. April 21, 2006) ("Plaintiff's advancement of a new theory on damages in its Supplemental Interrogatory Answer does not constitute "new facts," . . . Plaintiff's failure to pursue this matter in a timely fashion does not constitute supplementation within the ambit of Rule 26(e)."). Indeed, "a party may not abuse the supplementation provision of Rule 26(e) to inject new claims, defenses, or theories via amended discovery responses served after the close of discovery." *Baxter Healthcare Corp. v. Fresenius Medical Care Holding, Inc.*, 2009 WL 904152, at *2 (N.D. Cal. April 2, 2009); *Linden v. CNH America LLC*, 2011 WL 13165201, at *3 (S.D. Iowa, Mar. 4, 2011) ("The purpose of Rule 26(e) is to ensure the information disclosed is accurate and complete; it is not 'a means of introducing completely new information or legal theories into the case.'") (citation omitted). In other words, Comcast failed to act diligently in advancing its theories under § 101. Thus, Comcast's Newly Proposed Theories under § 101 violate Local Patent Rules 7 and 9 and should be stricken as untimely.

To the extent Comcast argues that there has been no prejudice to Rovi, Comcast is wrong for at least two reasons. First, if this Court finds that Comcast failed to act diligently, the question of prejudice need not be considered. *O2 Micro*, 467 F.3d at 1368 ("Having concluded that the district court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to MPS."). Second, in any case, Rovi has been prejudiced as a result of Comcast's belated disclosures of invalidity theories. For example, if Rovi had known Comcast's § 101 theories early in this case, Rovi could have sought resolution of this potentially case dispositive issue prior to fact discovery or claim construction by requesting this Court entertain early motions for summary judgment. In the event this Court holds any asserted claim patent-ineligible pursuant to § 101, it will come after the parties (and the Court) undertook significant work in the litigation of this case. And, the way Rovi has framed its presentation of issues—for example throughout the claim construction process—was influenced by the invalidity theories advanced by Comcast up to that point in time.

## CONCLUSION

Local Patent Rule 7 specifically required Comcast to disclose any theories of alleged patent-ineligibility under § 101. Following transfer to this district Comcast should have—but did not—serve Invalidity Contentions addressing § 101. Comcast's attempt to assert the Newly Proposed Theories under § 101 at the close of discovery in this case violates Local Patent Rules 7 and 9, is demonstrably untimely, and is without excuse or justification. There is no question that Comcast could have raised these purely legal theories earlier (such as when it twice previously supplemented its contentions following transfer to this district), and Comcast's failure to raise them earlier shows a lack of diligence attributable solely to Comcast. Accordingly, Rovi respectfully asks that the Court strike Comcast's Newly Proposed Theories under § 101.

Regards,

Joshua W. Budwin

cc: Counsel of Record