# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROVI GUIDES, INC., et al

                               Plaintiffs,           Case No. 1:16-cv-09278-JPO

     v.

COMCAST CORPORATION, et al,

                               Defendants

## DEFENDANTS' AMENDED THIRD SUPPLEMENTAL INVALIDITY CONTENTIONS PURSUANT TO LOCAL PATENT RULE 7

Pursuant to Southern District of New York Local Patent Rules 7 and 9, Defendants Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast of Houston, LLC, Comcast Business Communications, LLC, Comcast Holdings Corporation, and Comcast Shared Services, LLC (collectively "Comcast"); Defendants Technicolor USA, Inc., Technicolor SA, Technicolor Connected Home USA LLC, Pace, Ltd. (collectively, "Technicolor"); and ARRIS International Plc; ARRIS Group, Inc.; ARRIS Technology, Inc.; ARRIS Enterprises LLC; ARRIS Solutions, Inc.; Pace Americas Holdings, Inc.; Pace Americas Investments LLC; Pace Americas LLC (collectively, "ARRIS") make the following supplemental disclosures to Plaintiffs Rovi Guides, Inc., Rovi Technologies Corp., and Veveo Inc. (collectively "Rovi" or "Plaintiffs").

These supplemental disclosures provided herein are based on information reasonably available to Comcast, Technicolor, and ARRIS (collectively, "Defendants") at the present time. Defendants' investigations of their defenses are ongoing, as is discovery in this action. Defendants reserve the right to further amend and/or supplement

1

I. U.S. Patent No. 7,895,218

A. Invalidity under 35 U.S.C. §§ 102 and 103

In addition to the prior art disclosed on the face of the '218 Patent and in Defendant's initial invalidity contentions, pursuant to P.R. 3-3(a) and 3-6, Defendants hereby identify the following prior uses and/or printed publications as prior art rendering the asserted claims of the '218 Patent invalid under 35 U.S.C. §§ 102 and/or 103:

- Brainfeed. Source code for Brainfeed was publicly available at least of March 26, 2004, and is presently downloadable at https://web.archive.org/web/20100212091910/http://today.java.net:80/today/2004/03/26/brainfeed.zip (last visited July 28, 2017).

- Joshua Marinacci, "Building a Better Brain, Part 1: The Protocol" (Mar. 16, 2004), available at https://web.archive.org/web/20040619154202/http://today.java.net:80/pub/a/today/2004/03/16/brainfeed.html (page 1) (last visited July 28, 2017) and https://web.archive.org/web/20040404032555/http://today.java.net:80/pub/a/today/2004/03/16/brainfeed.html?page=2 (page 2) (last visited July 28, 2017)

- Joshua Marinacci, "Building a Better Brain, Part 2: A Great Thick Client" (Mar. 26, 2004), available at https://web.archive.org/web/20100212091910/http://today.java.net:80/article/2004/03/11/building-better-brain-part-2-great-thick-client (last visited July 28, 2017).

- Brainfeed incorporates code from the open source Lucene project, which is described in:

    o Gospodnetic, "Introduction to Text Indexing with Apache Jakarta Lucene," (Jan. 15, 2003) available at http://www.onjava.com/pub/

3

Defendants reserve the right to use any of the listed references in their initial disclosures and these supplemental disclosures in support of an argument based on a disclosed system in prior use.

### B. Invalidity under 35 U.S.C. § 101

All of the asserted claims of the '218 are directed to patent ineligible subject matter, lack any inventive concept, and are therefore invalid under 35 U.S.C. § 101.

## II. U.S. Patent No. 8,122,034

### A. Invalidity under 35 U.S.C. §§ 102 and 103

In addition to the prior art disclosed on the face of the '034 Patent and in Defendant's initial and supplemental invalidity contentions, pursuant to P.R. 3-3(a) and 3-6, Defendants hereby identify the following patents, patent applications, and/or printed publications as prior art rendering the asserted claims of the '034 Patent invalid under 35 U.S.C. §§ 102 and/or 103:

- Brainfeed. Source code for Brainfeed was publicly available at least of March 26, 2004, and is presently downloadable at https://web.archive.org/web/20100212091910/http://today.java.net:80/today/2004/03/26/brainfeed.zip (last visited July 28, 2017).

- Joshua Marinacci, "Building a Better Brain, Part 1: The Protocol" (Mar. 16, 2004), available at https://web.archive.org/web/20040619154202/http://today.java.net:80/pub/a/today/2004/03/16/brainfeed.html (page 1) (last visited July 28, 2017) and https://web.archive.org/web/20040404032555/http://today.java.net:80/pub/a/today/2004/03/16/brainfeed.html?page=2 (page 2) (last visited July 28, 2017)

art. Certain of the references share inventors and/or assignees, and relate to the same auto-complete and predictive text, and instant search systems including, but not limited to, Microsoft Corporation's Internet Explorer, Microsoft Outlook, Yahoo, and Google. Accordingly, the teachings of the individual prior art references, combined with the knowledge of a person of ordinary skill in the art at the time of the alleged invention of the '034 Patent, would render obvious the asserted claims of that patent.

Defendants reserve the right to use any of the listed references in their initial disclosures and these supplemental disclosures in support of an argument based on a disclosed system in prior use.

### B. Invalidity under 35 U.S.C. § 101

All of the asserted claims of the '034 are directed to patent ineligible subject matter, lack any inventive concept, and are therefore invalid under 35 U.S.C. § 101

## III. U.S. Patent No. 8,433,696

### A. Invalidity under 35 U.S.C. §§ 102 and 103

In addition to the prior art disclosed on the face of the '696 Patent and in Defendant's initial and supplemental invalidity contentions, pursuant to P.R. 3-3(a) and 3-6, Defendants hereby identify the following patents, patent applications, and/or printed publications as prior art rendering the asserted claims of the '696 Patent invalid under 35 U.S.C. §§ 102 and/or 103:

- Brainfeed. Source code for Brainfeed was publicly available at least of March 26, 2004, and is presently downloadable at https://web.archive.org/web/20100212091910/http://today.java.net:80/today/2004/03/26/brainfeed.zip (last visited July 28, 2017).

9

combine the teachings of the prior art references disclosed in Defendants' initial disclosures and these supplemental disclosures is found in the references themselves and/or: (1) the nature of the problem being solved, (2) the express, implied and inherent teachings of the prior art, (3) the knowledge of persons of ordinary skill in the art, (4) the fact that the prior art exists within the same field of art involving searching for content, and/or (5) the predictable results obtained in combining the different elements of the prior art. Certain of the references share inventors and/or assignees, and relate to the same auto-complete, predictive text, and instant search systems including, but not limited to, Microsoft Corporation's Internet Explorer, Microsoft Outlook, Yahoo, and Google. Accordingly, the teachings of the individual prior art references, combined with the knowledge of a person of ordinary skill in the art at the time of the alleged invention of the '696 Patent, would render obvious the asserted claims of that patent.

Defendants reserve the right to use any of the listed references in their initial disclosures and these supplemental disclosures in support of an argument based on a disclosed system in prior use.

### B.   Invalidity under 35 U.S.C. § 101

All of the asserted claims of the '696 are directed to patent ineligible subject matter, lack any inventive concept, and are therefore invalid under 35 U.S.C. § 101.

## IV.   U.S. Patent No. 8,713,595

### A.   Invalidity under 35 U.S.C. § 112

All the asserted claims of the '595 Patent are invalid under 35 U.S.C. § 112 to the extent the term "interactive television program guide" is not restricted to software on a set top box or customer premises equipment, as a person of ordinary skill in the art would not understand the inventor have been in possession of the full scope of the invention. In

addition, all of the asserted claims are invalid for lack of written description and enablement to the extent the alleged two-tuner system encompasses any system that does not use two distinct "tuners," that are dedicated – one to the display and another to the video recorder - as the person of ordinary skill in the art at the time of the invention would not have understood the inventor to have been in possession of an invention that did not use such dedicated tuners. In addition, to the extent that "video recorder" encompasses anything more than a VCR, and encompasses technologies such as digital video recorders and network recorders, each of the asserted claims is invalid under 35 U.S.C. § 112, as a person of ordinary skill in the art at the time of the invention would not have understood the inventors of the '595 to be in possession of such an invention.

### B. Invalidity under 35 U.S.C. § 101

All of the asserted claims of the '595 are directed to patent ineligible subject matter, lack any inventive concept, and are therefore invalid under 35 U.S.C. § 101.

## V. U.S. Patent No. 7,996,864

### A. Invalidity under 35 U.S.C. § 112

All the asserted claims of the '864 Patent are invalid under 35 U.S.C. § 112 to the extent the term "electronic program guide" is not software on a set top box or customer premises equipment, as a person of ordinary skill in the art would not understand the inventor have been in possession of the full scope of the invention. In addition, each asserted claim of the '864 patent is invalid to the extent the term "tuner" is not a discrete electronic circuit for selectively receiving a RF signal, as a person of ordinary skill in the art would not understand the inventor to be in possession of an invention in which the tuner encompasses any device that outputs data for a television signal or audio/video data.

### B. Invalidity under 35 U.S.C. § 101

All of the asserted claims of the '864 are directed to patent ineligible subject matter, lack any inventive concept, and are therefore invalid under 35 U.S.C. § 101.

## VI. U.S. Patent No. 9,172,987

### A. Invalidity under 35 U.S.C. § 101

All of the asserted claims of the '987 are directed to patent ineligible subject matter, lack any inventive concept, and are therefore invalid under 35 U.S.C. § 101.

Date: August 17, 2017

Respectfully Submitted,

By: */s/ Louis L. Campbell*
Michael M. Murray
Krishnan Padmanabhan
WINSTON & STRAWN, LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: mmurray@winston.com
Email: kpadmanabhan@winston.com

Michael L. Brody (*Pro Hac Vice*)
WINSTON & STRAWN, LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: MBrody@winston.com

Louis L. Campbell (*Pro Hac Vice*)
WINSTON & STRAWN, LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
Telephone: (650) 858-6500
Facsimile: (650) 858-6550
Email: LLcampbell@winston.com

Jeremiah Egger (*Pro Hac Vice*)