UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROVI GUIDES, INC., et al.,

                              Plaintiffs,

                -v-

COMCAST CORPORATION, et al.,

                             Defendants.

16-CV-9278 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

       This is a patent infringement action brought by Plaintiff Rovi Guides Inc., and its subsidiaries (collectively, "Rovi") against Comcast Corporation and its subsidiaries (collectively, "Comcast"). Currently pending before the Court are (1) Rovi's motion to strike Comcast's invalidity contentions under 35 U.S.C. § 101; and (2) Comcast's motion to stay this case pending completion of *inter partes* review ("IPR") proceedings instituted by the Patent Trial and Appeal Board ("PTAB").

       On October 13, 2017, the Court held a conference with the parties, including oral argument on the motion for a stay. For the reasons that follow, Rovi's motion to strike Comcast's § 101 invalidity contentions is denied, and Comcast's motion to stay this case is granted.

**I.     Motion to Strike Comcast's § 101 Invalidity Contentions**

       The Court begins with Rovi's motion to strike Comcast's disclosure of invalidity contentions under 35 U.S.C. § 101. Rovi argues that the disclosure was untimely and failed to comply with Local Patent Rule 7.

       Comcast initially disclosed its "contentions of invalidity" in this case in August 2016—when the case was pending in the Eastern District of Texas. The pertinent local patent

1

rule in that district (P.R. 3-3) required the disclosure of contentions of invalidity under 35 U.S.C. §§ 102, 103, and 112, but *not* of those based on unpatentable subject matter under § 101. *See, e.g., Biscotti Inc. v. Microsoft Corp.*, No. 13 Civ. 1015, 2017 WL 2267283, at *2 (E.D. Tex. May 24, 2017). Comcast nevertheless stated in its August 2016 disclosure: "Bases for contentions of invalidity not called for under P.R. 3-3 . . . including, but not limited to, Defendants' contentions that the asserted claims of the Asserted Patents are invalid as unpatentable subject matter pursuant to 35 U.S.C. § 101, are not addressed herein and are expressly reserved." (Dkt. No. 325-1 at 3 n.3.)

On December 1, 2016, the case was transferred from the Eastern District of Texas to this Court. (Dkt. No. 183.) The case then became subject to the Local Patent Rules of this Court, which *do* require the disclosure of invalidity contentions based on § 101. *See* SDNY Local Patent Rule 7 ("Invalidity Contentions must identify each item of prior art that the party contends allegedly anticipates or renders obvious each asserted claim, and any other grounds of invalidity, including any under 35 U.S.C. § 101 or § 112, or unenforceability of any of the asserted claims."). The parties proceeded on an aggressive discovery schedule set by the Court in February 2017. (Dkt. No. 199.) At the time of the Court's scheduling order, the parties represented that they had already exchanged initial infringement contentions and invalidity contentions. (*See id.* at 1.) The Court did not set any deadline for supplementation of those contentions, and the parties proceeded to supplement their infringement and invalidity contentions multiple times over the course of discovery. However, it was only in its last supplemental invalidity contention—disclosed on August 17, 2017, one day before the close of fact discovery—that Comcast first asserted in an invalidity contention in this Court that Rovi's patents are ineligible for patent protection under § 101. (*See* Dkt. No. 323 at 1–2.) Rovi argues that this was too late and that those contentions should be stricken.

2

Having reviewed the parties' submissions (Dkt. Nos. 323, 325, & 328), the Court is not persuaded that the harsh remedy of striking invalidity contentions is warranted under the circumstances. First, Rovi was put on notice early in the case that Comcast was asserting that the patents are invalid under § 101. In addition to asserting § 101 unpatentability in its Answer to the Complaint (in denials as well as an affirmative defense), Comcast expressly reserved its § 101 contention in its August 2016 invalidity disclosure in the Eastern District of Texas. Comcast also served an interrogatory regarding § 101 validity while the case was in that court. (Dkt. No. 325-2 at 5.) While it is true that this Court's local patent rules, unlike those of the Eastern District of Texas, require § 101 contentions to be included in invalidity contentions, it is also true that (1) Comcast had already functionally met this requirement with its earlier disclosure, and (2) the rules allow for supplementation of those contentions—which the parties took advantage of—and Comcast ultimately supplemented its § 101 contention within the discovery deadline.

Second, Rovi has suffered no prejudice from the timing of Comcast's disclosures. This is so because Rovi has been on notice of Comcast's § 101 contention throughout the case, as just discussed. Moreover, because the lack of patentable subject matter under § 101 is purely a legal question, *see Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1373 (Fed. Cir. 2016), there is no basis for concluding that Rovi was negatively affected in this case by Comcast's failure to make its § 101 disclosure in this Court earlier in discovery. Rovi provided a 97-page interrogatory response regarding § 101 validity on the last day of discovery (Dkt. No. 325-4), and the deadlines to exchange expert reports gives them sufficient time to address these issues.

Accordingly, Rovi's motion to strike Comcast's § 101 invalidity contentions is denied.

## II. Motion to Stay Pending IPR Proceedings

Of the eight original patents, only five remain at issue in this case:[1] U.S. Patent Nos. 7,996,864 (the "'864 Patent"); 8,433,696 (the "'696 Patent"); 8,713,595 (the "'595 Patent"); 8,122,034 (the "'034 Patent"); and 9,172,987 (the "'987 Patent").

From November 2016 through March 2017, Comcast filed 45 IPR petitions[2] with the PTAB challenging Rovi's claims, including the 51 claims still asserted in the five remaining patents.[3] (Dkt. No. 337 at 2 & n.1.) Based on these IPR petitions, the PTAB found a "reasonable likelihood" that four of the five patents at issue in this case would ultimately be invalidated. Thus, between May and September of 2017, the PTAB instituted IPR proceedings as to those four patents.[4] (Dkt. No. 337 at 2 n.2.)

---

[1] At Rovi's request, the Court previously dismissed without prejudice "all claims related to U.S. Patent Nos. 6,725,281 and 8,755,666." *Rovi Guides, Inc. v. Comcast Corp.*, No. 16 Civ. 9278, 2017 WL 3447989, at *1 n.2 (S.D.N.Y. Aug. 10, 2017). The Court also previously held that the relevant claims of U.S. Patent No. 7,895,218 "are invalid as indefinite." *Id.* at *14.

[2] A petitioner for IPR asserts that the challenged claims are invalid under prior art and/or obviousness. *See, e.g.*, 35 U.S.C. §§ 102–03. "Once a petition for *inter partes* review is filed, the PTO must decide within three months whether to grant *inter partes* review." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1024 (N.D. Cal. 2014) (citing 35 U.S.C. § 314(b)). IPR may not be instituted unless the PTAB determines "that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). The PTAB must render a decision within one year of the determination to institute IPR, with the possibility that the proceeding may be extended for an additional six months for good cause. 35 U.S.C. § 316(a)(11).

[3] Comcast filed IPR petitions for the '864 Patent on November 8, 2016; the '696 Patent on January 19, 2017; the '595 Patent on February 9, 2017; the '034 Patent on February 22, 2017; and the '987 Patent on March 1, 2017. (Dkt. No. 337 at 2 n.1.)

[4] The PTAB instituted IPR proceedings for the '864 Patent on May 15, 2017, the '696 Patent on July 28, 2017, the '595 Patent on August 28, 2017, and the '987 Patent on September 11, 2017. The PTAB denied Comcast's IPR petitions for the '034 Patent on September 7 and 11, 2017, and denied one IPR petition for the '696 Patent on July 28, 2017. (Dkt. No. 337 at 2 n.2; Dkt. No. 337, Exs. 4–9.)

On September 15, 2017, Comcast moved to stay this case pending the outcome of the IPR proceedings. (Dkt. No. 337.)

"District courts have the inherent power to manage their dockets, which includes issuing a stay pending the conclusion of review proceedings before the [PTAB]." *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16 Civ. 4236, 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016) (quoting *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, 13 Civ. 5669, 2014 WL 2854656, at *2 (S.D.N.Y. Jun. 20, 2014)). "Courts in this District consider three factors in determining whether a stay pending resolution of IPR proceedings is appropriate: '(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party.'" *Id.* (quoting *CDX Diagnostics*, 2014 WL 2854656, at *2). "These factors are not exclusive, however, and in the end, an overarching consideration of the circumstances in their totality governs." *Id.* (quoting *Rensselaer Polytechnic Inst. v. Apple Inc.*, 13 Civ. 0633, 2014 WL 201965, at *3 (N.D.N.Y. Jan. 15, 2014)). "The party seeking the stay bears the burden of demonstrating that such relief is warranted." *Id.* The Court concludes that these three factors, considered alongside the totality of the circumstances, warrant a stay of further proceedings in this case.

First, a stay is highly likely to simplify the issues in this case. Four of the five asserted patents are subject to IPR, and multiple petitions have been granted on two of the patents. (Dkt. No. 337, Exs. 4–9.) Without speculating as to the outcome of the IPR proceedings, *see Straight Path*, 2016 WL 6094114, at *3, the Court notes that the claims at issue will be simplified, regardless of the outcome of IPR, because the PTAB's decisions will be binding on this Court. 35 U.S.C. § 315(e); *see also Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) (holding that "when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot").

5

In light of this relationship between IPR and litigation, any of the conceivable potential outcomes of IPR will lead to a simplification of the present case. If the PTAB rules in favor of Comcast and cancels all contested claims, it will render 37 of the remaining 51 claims moot. If the PTAB cancels only some of the asserted claims, it will still narrow the issues before this Court, albeit less drastically. Finally, if the PTAB upholds all the patent claims, Comcast will be estopped from challenging the validity of the claims on any ground that was "raised or reasonably could have [been] raised" during the IPR proceedings. 35 U.S.C. § 315(e)(2). The Court concludes that this factor strongly favors granting the stay.

Second, the stage of the litigation weighs against granting the stay. As Rovi correctly points out, "[c]ourts . . . have routinely refused to grant a stay pending IPR where a case is past the early stages of proceedings." *Adaptix, Inc. v. HTC Corp.*, No. 14 Civ. 2359, 2015 WL 12839246, at *2 (N.D. Cal. Aug. 5, 2015). Although "the range of what qualifies as 'early stage' is relative, there is a general consensus that where 'the parties have fully briefed the issue of claim construction, attended a *Markman* hearing, and received a claim construction order,' [and] discovery is well underway," this second factor "counsel[s] against granting a stay." *Id.* (quoting *Interwoven, Inc. v. Vertical Computer Sys.*, No. 10 Civ. 4645, 2012 WL 761692, at *4 (N.D. Cal. Mar. 8, 2012)); *see also Prestige Jewelry Int'l, Inc. v. BK Jewellery HK*, No. 11 Civ. 2930, 2012 WL 1066798, at *2 (S.D.N.Y. Mar. 24, 2012) ("Where discovery is not yet complete, courts in this circuit have denied a stay where discovery was 'rapidly approaching completion,' or where discovery was two months from completion." (internal citations omitted) (quoting *Starlight Assocs. v. Berkey-Colortran, Inc.*, No. 77 Civ. 4525, 1978 WL 21383, at *1 (S.D.N.Y. Sept. 12, 1978))). Here, "fact discovery is closed, the Court has issued a *Markman* order, expert reports have been served, [and] the parties are in the midst of taking expert depositions." (Dkt. No. 342 at 3.) The stage of the litigation weighs strongly against granting a stay.

Third, and finally, a stay will not unduly prejudice Rovi. "The question of undue prejudice or clear tactical advantage is informed by four sub-factors, including '(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties.'" *Rensselaer Polytechnic Inst.*, 2014 WL 201965, at *4 (quoting *Davol, Inc. v. Atrium Med. Corp.*, No. 12 Civ. 0958, 2013 WL 3013343, at *2 (D. Del. June 17, 2013)). Notably, "mere delay in the litigation does not establish undue prejudice." *Id.* (alteration omitted) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1033 (C.D. Cal. 2013)).

As to the first sub-factor, Comcast filed its first IPR petition in November 2016 and filed its last petition on March 1, 2017, nearly a year after Rovi filed its complaint. (Dkt. Nos. 347 at 3; 342 at 3.) Comcast's contention that it proceeded with its IPR petitions as quickly as possible is not immediately persuasive (*see* Dkt Nos. 337 at 5; 347 at 3), although made somewhat more plausible by the very large volume of asserted claims. Nonetheless, the Court concludes that the timing of Comcast's IPR petitions is unlikely to prejudice Rovi. *See, e.g.*, *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 358–9 (D. Mass. 2015) (finding no prejudice from filing petitions within one week of the statutory deadline and eleven months after filing the complaint, especially in light of "vast number of claims in the asserted patents"). *But see Rensselaer Polytechnic Inst.*, 2014 WL 201965, at *4 ("The fact that an accused infringer waits until one year after being served with a complaint in an infringement action to submit its IPR petition 'at least raises the possibility that [it] was a dilatory tactic.'" (alternation in original) (quoting *Evolutionary Intelligence LLC v. Yelp Inc.*, No. 13 Civ. 3587, 2013 WL 6672451, at *9 (N.D. Cal. Dec. 18, 2013))).

Nor is the Court persuaded that the timing of Comcast's request for a stay was dilatory or likely to give it a tactical advantage. Comcast filed the present motion just a few days after

receiving the PTAB's decision granting IPR review on the last two of its petitions. (Dkt. No. 337 at 5.) *See NFC Tech. LLC v. HTC Am., Inc.*, No. 13 Civ. 1058, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015) (noting that "[t]he motion for a stay was filed very promptly *after* the PTAB instituted the inter partes review" in the course of granting a stay (emphasis added)). Comcast's request for a stay was sufficiently prompt.

Similarly, given that the PTAB has already granted review on four of the five patents at issue, the status of the IPR proceedings is not likely to cause any undue prejudice or tactical advantage if a stay is granted. *Cf. Rensselaer Polytechnic Inst.*, 2014 WL 201965, at *6 ("Because the PTO [Patent and Trademark Office] has yet to make even an initial determination of the pending IPR petitions, and neither plaintiffs nor Apple can be certain of when the PTO may issue that decision, I conclude that this factor weighs against granting a stay.").

Last, the Court considers the relationship of the parties in determining whether or not a stay will result in undue prejudice. "An important factor in determining if a stay will prejudice the plaintiff is whether the parties are direct competitors, because there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill." *CDX Diagnostics*, 2014 WL 2854656, at *4 (internal citations and quotation marks omitted) (first quoting *Davol*, 2013 WL 3013343, at *3, then quoting *Neste Oil Oyj v. Dynamic Fuels LLC*, No. 12 Civ. 662, 2013 WL 424754, at *2 (D. Del. Jan 31, 2013)).

Although the parties' letter motions do not dedicate much attention to this point, Rovi briefly argues that "Comcast offers an X1 syndication product to cable providers that directly competes with Rovi's [interactive product guides]." (Dkt. 342 at 4.) Comcast responds that Rovi is primarily a patent licensor, rather than its direct competitor, and therefore future monetary damages would be sufficient to remedy any infringement. (Dkt. No. 347 at 2–3.) *See*

8

*PersonalWeb Techs.*, 69 F. Supp. 3d at 1029 ("Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." (alteration omitted) (quoting *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11 Civ. 2168, 2011 WL 4802958, at *4 (N.D. Cal. Oct. 11, 2011))).

Even if there is some competition between the parties, they are not primarily marketplace competitors. Moreover, the Court notes that two of the five remaining patents in this case (the '595 and '864 Patents) will expire by the end of October 2017. This significantly diminishes any potential prejudice to Rovi, even if it is Comcast's competitor. *See, e.g.*, *Straight Path*, 2016 WL 6094114, at *3 (concluding no prejudice because several patents in suit had expired); *Audio MPEG, Inc. v. Hewlett-Packard Comp.*, No. 15 Civ. 73, 2015 WL 5567085, at *5 (E.D. Va. Sept. 21, 2015) ("[B]ecause the patents at issue have expired, monetary damages will be sufficient to compensate Plaintiffs for any infringement . . . ."); *Universal Elecs.*, 943 F. Supp. 2d at 1034 (noting that the plaintiff was not prejudiced by a stay when the patents had expired because ongoing harm ended).

Considering all four of the prejudice sub-factors, the Court concludes that Rovi will not be unduly prejudiced by a stay, nor will Comcast be unfairly advantaged.

In sum, two of the primary factors—simplifying the issues and prejudice—weigh in favor of granting a stay, while one—the stage of proceedings—weighs against a stay. The Court is aware that granting a stay at this advanced stage is not common, especially in light of the fact that the parties have already conducted extensive discovery. At the same time, however, the time and effort spent on discovery to this point is a sunk cost. Were the case to go forward before IPR is complete (and its concomitant streamlining benefits realized), the resources of the Court and the parties would undoubtedly be wasted on voluminous (and perhaps ultimately unnecessary) summary judgment and *Daubert* briefing, motions *in limine*, and perhaps even trial. Under

similar circumstances, courts have seen fit to stay litigation pending IPR, despite the advanced stage of litigation, in order to promote judicial economy. *See SurfCast, Inc. v. Microsoft Corp.*, No. 12 Civ 333, 2014 WL 6388489, at *2 (D. Me. Nov. 14, 2014) (granting a stay, and concluding that the "stage of litigation" factor was *neutral*, despite completion of discovery *and* summary judgment briefing, where "a trial date has not been set and a large volume of work remains before trial including the resolution of the pending summary judgment, *Daubert,* and other motions, as well as likely motions *in limine* and other pre-trial proceedings"); *FastVDO LLC v. AT&T Mobility LLC*, No. 16 Civ. 00385, 2017 WL 2323003, at *3 (S.D. Cal. Jan. 23, 2017) (granting stay pending IPR, despite the advanced stage of litigation, where the court had already issued a claim construction order, the parties had completed fact discovery, and expert discovery was "well underway," because "completion of expert discovery; the filing and resolution of motions for summary judgment, *Daubert* motions, and motions in limine; pre-trial preparation; what would currently be at least five separate jury trials; and the filing and resolution of post-trial motions still remained ahead"). In short, the efficiency benefits outweigh the costs, sunk or otherwise, of granting a stay under the circumstances.

**III.    Conclusion**

For the foregoing reasons, Rovi's motion to strike Comcast's invalidity contentions under 35 U.S.C. § 101 is DENIED; and Comcast's motion to stay litigation pending the outcome of IPR is GRANTED. This action is hereby STAYED pending the IPR proceedings. The Clerk is directed to close the motions at Docket Nos. 323 and 337.

SO ORDERED.

Dated: October 27, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge