UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROVI GUIDES, INC., et al.,
       Plaintiffs,

-v-

COMCAST CORPORATION, et al.,
       Defendants.

16-CV-9278 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

  This is a patent infringement suit brought by Rovi Guides Inc., and its subsidiaries (collectively, "Rovi") against Comcast Corporation and its subsidiaries (collectively, "Comcast"). On October 27, 2017, the Court granted Comcast's motion to stay the case pending completion of *inter partes* review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB"). *See Rovi Guides, Inc. v. Comcast Corp.*, No. 16 Civ. 9278, 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017) ("*Stay Order*"). Rovi now moves (1) to dismiss with prejudice its claims based on U.S. Patent No. 8,433,696 ("the '696 patent"), one of the five patents at issue; (2) to lift the stay for claims relating to U.S. Patent No. 8,122,034 ("the '034 patent"); and (3) to bifurcate the '034 claims from the stayed claims. (Dkt. No. 369 at 1.) For the reasons that follow, the motion is granted.

**I. Legal Standard**

  As a threshold matter, the parties dispute what legal standard applies to Rovi's motion. The Court rejects Comcast's argument this is a motion for reconsideration of the order to staying the case. (Dkt. No. 373 at 1–2.) Instead, the Court agrees with Rovi that this motion is better understood as a request to partially lift the stay based on new circumstances—*i.e.*, its request to dismiss the '696 patent claims with prejudice.

1

"The same court that grants a stay pending IPR may also later 'abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly.'" *Smart Modular Techs., Inc. v. Netlist, Inc.*, No. 12 Civ. 2319, 2016 WL 5159524, at *2 (E.D. Cal. Sept. 21, 2016) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002)). Therefore, the Court must consider whether circumstances have changed so as to warrant partial dissolution of the original stay, but need not apply the high standard applicable to reconsideration.

The Court must also consider whether, under Federal Rule of Civil Procedure 42(b), bifurcation of the '034 patent claims and the stayed claims would be in the interest of judicial economy and convenience and would reduce any potential prejudice to the parties. The factors to be considered include: "(1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the severable issues require the testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced if it is granted; and (4) whether the party requesting the severance will be prejudiced if it is not granted." *Lewis v. Triborough Bridge & Tunnel Auth.*, No. 97 Civ. 0607, 2000 WL 423517, at *2 (S.D.N.Y. Apr. 19, 2000) (quoting *BD v. DeBuono*, Nos. 98 Civ. 910, 98 Civ. 972, 2000 WL 249115, at *5 (S.D.N.Y. Feb. 28, 2000)).). And like the decision whether to grant a stay, *see Straight Path*, 2016 WL 6094114, at *2, the decision whether to bifurcate claims under Rule 42 "is committed to the sound discretion of the trial court." *Crown Cork*, 288 F.R.D. at 332 (S.D.N.Y. 2013).[1]

---

[1] *Crown Cork* dealt with a motion to sever under Rule 21, but "[c]ourts consider the same factors" under both rules. *N. Jersey Media Grp. Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 114 n.5 (S.D.N.Y. 2015).

## II. Discussion

The Court concludes that circumstances have changed significantly since the original stay order: Although the PTAB denied Comcast's IPR petitions for the '034 patent, *Stay Order*, 2017 WL 4876305, at *2 n.4, the Court nonetheless stayed claims related to the '034 patent because it was so closely related to the '696 patent, for which IPR was granted. (*See* Dkt. No. 337 at 3.) That justification no longer supports staying the '034 patent claims pending IPR, given Rovi's voluntary dismissal of the '696 patent claims.[2]

In light of this significant change in circumstances, the Court must reevaluate the same three factors it originally weighed to determine whether a stay pending IPR was justified: "'(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *Stay Order*, 2017 WL 4876305, at *3 (quoting *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16 Civ. 4236, 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016)). There is considerable overlap between the factors used to evaluate whether the stay should be lifted and whether Rule 42(b) bifurcation is justified. Ultimately, both questions turn on whether the costs of a second trial on the '034

---

[2] Comcast does not directly oppose Rovi's request to dismiss the '696 patent claims, but instead characterizes Rovi's motion as an "unseemly" attempt to "negotiate with the Court." (Dkt. No. 373 at 1 & n.1.) There is nothing inappropriate about Rovi's conditional motion to voluntarily dismiss these claims, especially in light of the fact that efficiency and simplification of issues for trial are essential factors in a court's decision whether to stay a case pending IPR. *See Stay Order*, 2017 WL 4876305, at *3. Comcast does not offer any additional reason that the '696 patent claims should not be voluntarily dismissed. And "[a]lthough voluntary dismissal without prejudice is 'not a matter of right,' courts have generally subjected motions for voluntary dismissal *with* prejudice to far less scrutiny, chiefly because such a dismissal 'constitutes a final judgment with [] preclusive effect.'" *Commercial Recovery Corp. v. Bilateral Credit Corp., LLC*, No. 12 Civ. 5287, 2013 WL 8350184, at *5 (S.D.N.Y. Dec. 19, 2013) (internal citation omitted) (first quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990); second quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). Rovi's request to voluntarily dismiss the '696 patent claims is granted.

claims are outweighed by any prejudice Rovi would suffer if the stay were to remain in effect as to those claims. As to the first factor, because the '696 patent claims have been dismissed and the '034 patent claims are not subject to IPR, there is no possibility that a continued stay of the '034 claims pending IPR would simplify the issues at trial. The '034 claims will be unaffected by the IPR proceedings.

Second, as to the stage-of-litigation factor, the Court has already determined that it weighed against granting a stay in the first place. *See Stay Order*, 2017 WL 4876305, at *3.

Third, as to the prejudice factor, the Court previously determined that a stay would neither unduly prejudice Rovi, nor unfairly advantage Comcast. *Id.* at *5. Nonetheless, as to the '034 Patent claims, the prejudice calculus has now changed. "The question of undue prejudice or clear tactical advantage is informed by four sub-factors, including '(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties.'" *Stay Order*, 2017 WL 4876305, at *4 (quoting *Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 13 Civ. 0633, 2014 WL 201965, at *4 (N.D.N.Y. Jan. 15, 2014)). The critical change here affects sub-factor three—the status of review proceedings: given that IPR will now have virtually no effect on the '034 patent claims, a continued stay as to those claims can only serve to prejudice Rovi.

Moreover, in opposing Rovi's motion to dissolve the stay and bifurcate the '034 claims, Comcast has failed to identify any specific prejudice it would suffer from bifurcation. *See Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13 Civ. 453, 2015 WL 3773779, at *2 (D. Del. May 15, 2015) (denying stay because movant , who initiated IPR, had not "demonstrated a clear case of hardship or inequity if the motion for stay [were] denied").

4

That leaves the Court to consider Comcast's argument that the risk of an additional overlapping trial outweighs any benefit from dissolving the stay and bifurcating the '034 claims. (Dkt. No. 372 at 2.) The parties dispute the degree to which the evidence and witness testimony at this additional '034 trial might overlap with the evidence and testimony relating to the other claims. (*Compare* Dkt. No. 373 at 2, *with* Dkt. No. 369 at 3.) But even if certain evidence would overlap (such as evidence of "negotiations between Rovi and Comcast," Dkt. No. 373 at 3), Comcast does not meaningfully dispute that the '034 patent involves different technology with different inventors from those involved with the other patents-at-issue. (Dkt. No. 369 at 3.) That the '034 claims might involve significantly different technology is perhaps unsurprising, given that IPR was denied on this patent and granted on the other patents at issue.

In light of these differences, the Court concludes that any costs of bifurcation would be justified. Not only will it reduce prejudice (in the form of delay) to Rovi, but it may also reduce the risk of juror confusion by reducing the number of patents that jurors must consider simultaneously. Juror confusion is a particularly compelling justification for Rule 42(b) bifurcation in patent cases. *See Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002) ("In the context of patent cases," bifcurcation can "both . . . simplify the issues . . . [and] maintain manageability of the volume and complexity of the evidence presented to a jury."). In accord with Comcast's previous argument, only the '696 patent was similar enough to the '034 patent to initially warrant staying the latter until IPR concluded. With the '696 claims dismissed, however, trying the '034 claims alongside the remaining patents at issue risks unnecessary juror confusion. *Cf. Lifetime Prod., Inc. v. Russell Brands, LLC*, No. 12 Civ. 26, 2016 WL 5482226, at *4 (D. Utah Sept. 29, 2016).

Either prejudice or reduced risk of juror confusion would be sufficient to warrant bifurcation of the '034 claims. *See Ricciuti v. New York City Transit Auth.*, 796 F. Supp. 84, 86 (S.D.N.Y. 1992) (noting that either factor would suffice). When these two factors are considered in conjunction, the Court is persuaded that the stay should be partially dissolved and the '034 patent claims should be permitted to proceed separately.

### III. Conclusion

For the foregoing reasons, Rovi's motion to dismiss the '696 patent claims and to dissolve the stay as to the '034 patent claims is GRANTED. Any summary judgment motion relating to the '034 patent claims shall be due on or before May 7, 2018, with any brief in opposition due on or before June 6, 2018, and any reply due on or before June 20, 2018.

The Clerk of Court is directed to close the motions at Docket Numbers 366, 369, and 375.

SO ORDERED.

Dated: April 5, 2018
      New York, New York

_____
J. PAUL OETKEN
United States District Judge