**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

ROVI GUIDES, INC., et al.

                Plaintiffs,

    v.

COMCAST CORPORATION; et al,

                Defendants.

Civil Action No. 1:16-cv-09278-JPO

## JOINT STATUS UPDATE

The Court's September 30, 2019 Order, Dkt. No. 423, directed the parties to file a joint letter "informing the Court of the status of the ongoing PTAB proceedings and advising the Court whether trial of the '034 patent claims as to which summary judgment has not been granted should be stayed pending the conclusion of those proceedings." The parties disagree as to whether trial on the '034 patent should be stayed.

Rovi's Position:

In the interest of judicial economy and conserving the Court's resources, Rovi recommends staying trial on the '034 patent claims to allow for final resolution of the PTAB proceedings for all patents at issue in any of the three cases now pending before this Court involving Comcast and Rovi, including two cases involving the '034 patent.

In this case (1:16-cv-09278-JPO), filed by Rovi, the '034 patent is the only patent still at issue. The remaining patents in that case have been dismissed or will be canceled as a result of PTAB proceedings. The other case in which the '034 patent is asserted (1:16-cv-3852) is a declaratory judgment action filed by Comcast on fifteen patents, including the '034 patent. There is a third case before this Court, 1:16-cv-09826, filed by Rovi, that asserts infringement of the

same patents Rovi asserted against Comcast in an investigation before the International Trade Commission. The 16-9826 case is stayed under 28 U.S.C. § 1659 pending the determination of the proceedings before the Commission becoming final. That ITC case is currently pending at the Federal Circuit following oral argument on March 6, 2019. Comcast's declaratory relief 16-3852 case includes the patents at issue in both the 16-9278 and 16-9826 cases. At this time, of those 15 patents, besides the '034 patent only three patents remain at issue and those three patents are at issue in appeals pending at the Federal Circuit from PTAB rulings adverse to Rovi. Oral argument is expected in early 2020 on those appeals.

Rovi proposes staying this case until the appeals of the PTAB proceedings before the Federal Circuit on the three patents from the 16-3852 case are resolved. Staying this case until such time will allow the Court to know the totality of any patent disputes that remain to be adjudicated in all three of the cases involving Comcast and Rovi now pending before this Court. At that time, the Court can determine how best to proceed.

In contrast, Comcast's proposal to move forward with the '034 patent in this case, while other patents in the 16-3852 case remain at issue, would inefficiently require that two related litigations proceed on different timelines.

Comcast's proposal to instead proceed with *Daubert* motions on the '034 patent alone wastes judicial resources. Under Comcast's proposal, the Court would resolve *Daubert* motions related to the '034 patent, proceed to trial on the '034 patent, and then separately resolve the remaining patents in the 16-3852, 16-9278, and 16-9826 cases. This is an unnecessary waste of judicial resources given that the Court will be able to address all of the patents remaining following PTAB proceedings early next year. Furthermore, Comcast's proposal fails to account for the likelihood that further discovery, supplemental expert reports, and the entry of a

procedural schedule may be needed for the '034 case to proceed.[1] Undertaking these efforts now is inefficient when discovery, expert reports, etc. will subsequently be needed in the other case as well.

Comcast's position:

Rovi successfully bifurcated the '034 Patent so as to proceed with that patent separately to trial. Now that it has suffered summary judgment on most of its claim, Rovi seeks to unwind that bifurcation. As explained further below, that would be improper. That said, Comcast does not object to a brief pause in these proceedings given other proceedings occupying the parties, but under no circumstances would Comcast agree to combine the Veveo '034 Patent with other, unrelated Rovi patents for trial. Before explaining why, Comcast first provides the status update the Court requested.

### *The Status of This Case and Other Related Proceedings*

Comcast understood the Court's request for an update regarding "the status of the ongoing PTAB proceedings" (ECF No. 423 at 29.) to refer to the PTAB proceedings that had been instituted with respect to all patent claims remaining in *this case* (No. 16-CV-9278 or the "'034 Patent Case") other than the '034 patent claims. The answer is that the PTAB's invalidation of *all* those claims is now final as a result of either Federal Circuit affirmance of the PTAB's decisions or Rovi's abandonment of its appeal rights from the PTAB's decisions. As a result, all that remains of plaintiffs' claims in this case (in which Rovi and its subsidiary Veveo initially alleged infringement of a total of 8 patents) is Veveo's allegation of infringement of the

---

[1] Rovi is unaware of the basis for Comcast's intended *Daubert* motion but suspects it has to do with the fact that this Court's order granting in part and denying in part Comcast's summary judgment motion altered legally relevant facts. If correct, the reasonable remedy is not to strike an expert report but allow supplemental discovery and supplementation of the report to address changed circumstances.

'034 patent.  And after the Court's grant of partial summary judgment to Comcast (dkt. no. 423), that allegation is narrowed to a potential damages period of less than 10 months, running from April 1, 2016 to late January 2017.

In Rovi's other case against Comcast before this Court (No. 1:16-cv-09826 or the "9826 Case"), Rovi alleged infringement of seven other patents, none from Veveo.  In contrast to the '034 Patent Case, which was litigated through claim construction, fact and expert discovery, and summary judgement in this Court, the 9826 Case was stayed shortly after it was filed under 28 U.S.C. § 1659 in view of a parallel ITC proceeding.  (9826 dkt. no. 101.)  As a result, there has been no merits-based discovery or litigation (beyond the parties' initial pleadings) in the 9826 Case.  The seven patents at issue in that case have, however, been the subject of proceedings before the PTAB and before the ITC (Investigation No. 337-TA-1001 or the "ITC 1001 Investigation").

As Comcast informed the Court by letter dated June 20, 2019 (9826 dkt. no. 211), the PTAB invalidated all asserted claims (and in many cases, all claims) of all seven patents in the 9826 Case.  Rovi abandoned its appeal rights as to four of those patents, so only three appeals from those PTAB decisions remain.  Two of those three patents – U.S. Patent Nos. 8,006,263 and 8,578,413 – generally concern remote scheduling of DVR recordings from mobile devices.  The PTAB invalidated each of those patents on multiple grounds and both patents are so closely related that they are being addressed together in a single consolidated appeal.  Both patents have expired.  The third patent, U.S. Patent No. 8,556,871, generally concerns generating a combined list of events scheduled using two different interactive program guides.  The PTAB invalidated

this patent on three separate grounds.[2] The parties have briefed the appeals of the PTAB decisions on all three of these patents and await scheduling of oral argument.

In its statement, Rovi raises a third action before this Court – Comcast's declaratory-judgment action concerning the very same 15 patents that were asserted against Comcast across the '034 Patent and 9826 Cases. (Case No. 1:16-cv-3852 or the "3852 DJ Case") Comcast filed that case contemporaneously with Comcast's successful motions to transfer the '034 Patent and 9826 Cases from the Eastern District of Texas to this Court, and it was the vehicle through which Comcast sought an order enjoining Rovi from proceeding with its Complaint in the ITC 1001 Investigation. Upon the joint request of the parties, the Court by endorsement order dated January 12, 2017 stayed the 3852 DJ Case pending resolution of the '034 Patent and 9826 Cases. (3852 DJ dkt. no. 92.) Thus, the parties and the Court have long recognized that the 3852 DJ Case has no bearing on how to proceed with the '034 Patent.

### *Advisability of a Stay of Trial of the '034 Patent Claims*

Comcast does not object to a general deferral for a few months of the '034 Patent Case, but for reasons different from those advanced by Rovi. Comcast and Rovi (and their counsel in this case) are preparing to try a three-patent case in the ITC beginning January 21, 2020. Comcast would be happy (as Comcast suspects Rovi would be) to defer the bulk of the '034 Patent Case's remaining pretrial work until after the trial in the ITC concludes.

Comcast cannot, however, endorse Rovi's assertion that staying the '034 Patent Case pending final resolution of *all* PTAB proceedings would otherwise serve the interests of judicial economy and conservation of the Court's resources. Rovi's efficiency arguments flatly contradict the positions Rovi previously took on the same topic. The Court may recall that

---

[2] In the ITC 1001 Investigation, the Commission found that Comcast did not infringe the '871 patent, and Rovi did not appeal that finding.

shortly after this Court granted Comcast's motion to stay the '034 Patent Case pending resolution of Comcast's IPRs (dkt. no. 365), Rovi moved the Court to "(i) allow[] Veveo to drop the '696 Patent [a related Veveo patent as to which IPR had been instituted] and (ii) bifurcate[] Veveo and Rovi Guides' claims so that Veveo may proceed to trial of the '034 Patent." (Dkt. no. 366 at 1.) In successfully arguing to bifurcate the '034 patent, Rovi and Veveo represented that the '034 Patent claims "involve different inventors, different technology, different infringement and validity evidence, and different time periods than the stayed claims of Rovi Guides." *Id.* Rovi and Veveo went on to elaborate on these distinctions in substantial detail. The three *Rovi* patents from the 9826 Case that await appellate review of PTAB invalidation decisions are similarly unrelated to Veveo's '034 patent and the historical functionality accused of infringing that patent, and have nothing to do with Veveo.

Procedurally, the '034 Patent and 9826 Cases also are at vastly different stages. The '034 Patent Case has been litigated through district court Markman proceedings, fact discovery, expert discovery and summary judgment. While the ITC and PTAB considered some issues regarding the three patents in the 9826 Case as to which Rovi's appeal rights have not been exhausted, the 9826 Case itself never advanced beyond the pleading stage. Thus, the parties would still have to conduct fact and expert discovery, Markman proceedings, and summary judgment in the 9826 Case should Rovi succeed in reviving even one of its three remaining but invalidated patents.

If past is prologue, Rovi is highly unlikely to succeed in reviving any of the remaining three patents in the 9826 case. Rovi has failed thus far to overturn any of the PTAB's many decisions in Comcast's favor, and each of these three patents was invalidated on multiple grounds. Moreover, the length of the stay sought by Rovi is completely uncertain, given that Federal Circuit hearing dates have not yet been set, and there is always the possibility that the

Federal Circuit will choose to write a substantive opinion, rather than issue a Rule 36 affirmance as it has done thus far in Rovi's appeals from the PTAB decisions. Accordingly, while Comcast does not object to a brief pause in the '034 Patent Case's activities, Comcast does not believe that any pause should be linked to the appeals of the PTAB's invalidity decisions regarding the patents asserted in the 9826 Case.

Finally, Comcast feels compelled to inform the Court that Comcast will file a *Daubert* motion in the '034 Patent Case seeking to exclude the opinions of Rovi's damages expert based on fundamental methodological flaws in his analysis. Comcast believes this to be a very substantive motion with a high likelihood of success, and one that should result in any potential '034 Patent damages claim declining to the point that trial would not make economic sense for Rovi. Comcast recognizes, however, that the motion is a complex one (due principally to the complexities of the expert's theories) that the Court may wish to have ample time to consider. Notwithstanding the burdens of preparation for the ITC trial, Comcast therefore would be prepared to file this motion on an earlier timetable (preferably not earlier than November 4, 2019) should that be the Court's wish.

Dated: October 21, 2019	Respectfully submitted,

By: */s/ Douglas A. Cawley*
Douglas A. Cawley, Lead Attorney
Texas State Bar No. 4035500
dcawley@mckoolsmith.com
Christopher Bovenkamp
cbovenkamp@mckoolsmith.com
Texas State Bar No. 24006877
Richard A. Kamprath
rkamprath@mckoolsmith.com
Texas State Bar No. 24078767
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Joshua W. Budwin
Texas Bar No. 24050347
jbudwin@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 W. Sixth Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

Gayle R. Klein
New York State Bar No. 4263646
gklein@mckoolsmith.com
Lauren Fornarotto
New York State Bar No. 4804340
lfornarotto@mckoolsmith.com
**MCKOOL SMITH, P.C.**
One Bryant Park, 47th Floor
New York, NY 10036
Telephone: (212) 402-9400
Telecopier: (212) 402-9444

Roderick G. Dorman
California Bar No. 96908
Texas State Bar No. 6006500
rdorman@mckoolsmithhennigan.com
Alan P. Block
California Bar No. 143783
ablock@mckoolsmithhennigan.com
**MCKOOL SMITH , P.C.**
300 South Grand Avenue Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200
Telecopier: (213) 694-1234


**ROPES AND GRAY LLP**

Jesse J. Jenner
Jesse.jenner@ropesgray.com
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

James R. Batchelder
james.batchelder@ropesgray.com
Mark D. Rowland
mark.rowland@ropesgray.com
Andrew Radsch
andrew.radsch@ropesgray.com
1900 University Avenue, 6th Floor
East Palo Alto, California 94303
Telephone: (650) 617-4000
Facsimile: (650) 566-4090

*Attorneys for Rovi Guides, Inc., Rovi Technologies Corp. and Veveo, Inc.*

*/s/ David J. Lisson*
**DAVIS POLK & WARDWELL LLP**
Anthony I. Fenwick*
anthony.fenwick@davispolk.com
Ashok Ramani*
ashok.ramani@davispolk.com
David J. Lisson*
david.lisson@davispolk.com
Micah G. Block*
micah.block@davispolk.com
1600 El Camino Real
Menlo Park, CA 94025
Telephone:	(650) 752-2000
Facsimile:	(650) 752-2111

Dana M. Seshens
dana.seshens@davispolk.com
450 Lexington Avenue
New York, NY 10017
Telephone:	(212) 450-4000
Facsimile:	(212) 701-5800

*Attorneys for Defendants Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast of Houston, LLC, Comcast Business Communications, LLC, Comcast Holdings Corporation, and Comcast Shared Services, LLC*

*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on October 21, 2019.

/s/ *John B. Campbell*
John B. Campbell

---

The request for a stay pending final resolution of PTAB proceedings is denied.  As this Court previously determined, the claims relating to U.S. Patent No. 8,122,034 are sufficiently unrelated to the patents involved in Case No. 16-CV-9826 so as to render a stay unnecessary.  (*See* Dkt. No. 379.)  Instead, in light of the joint request for a stay pending other proceedings in the ITC, this action is stayed until March 13, 2020.  The parties are also instructed to confer and to propose a briefing schedule regarding Defendant Comcast Corporation's anticipated *Daubert* motion.
  So ordered.
  February 19, 2020

J. PAUL OETKEN
United States District Judge